

08 CV 01596

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------x
VALERIE RUBINSTEIN,                )
individually and on behalf of      )
all others similarly situated,     )
                                   )
                Plaintiff,         )    No.
                                   )
     - against -                   )    CLASS ACTION
                                   )
DEPARTMENT STORES                  )
NATIONAL BANK,                     )    JURY DEMANDED
                                   )
                                   )
                Defendant.         )
---------------------------------------------------x

## COMPLAINT

1. This action seeks redress for the illegal practices of Defendant Department Stores National Bank (the "Bank"), for sending periodic billing statements to its customers that violated the Truth in Lending Act ("TILA").

2. TILA's purpose is to assure meaningful disclosure of credit terms in order to (i) allow consumers to compare more readily the various credit terms available; (ii) enable consumers to avoid the uninformed use of credit; and (iii) protect consumers against inaccurate and unfair billing practices. 15 U.S.C. § 1601(a). As alleged in greater detail below, the Bank failed to make certain disclosures on periodic statements it sent to customers. The Bank's conduct violates the express provisions of the TILA and the applicable Regulations.

3. Under the private enforcement provisions of TILA, plaintiff and the Class seek the recovery of statutory damages of up to $500,000 with respect to each of the Bank's failures to comply.

### *Jurisdiction and Venue*

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337, as well as under 15 U.S.C. § 1640(e), because this action arises under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*.

5. Venue is proper because the acts and transactions that give rise to this action occurred, in substantial part, in this District. Venue is also proper in this district because the Bank transacts business in this district and the interests of justice require maintenance of this action in this district.

### *Parties*

6. Plaintiff Valerie Rubinstein resides New York, New York, which is within this district.

7. Rubinstein is a "consumer," as that term is defined by § 1602(h) of TILA, because this complaint arises from the Bank's offer and extension of credit to Rubinstein, a credit card holder, for personal, family or household purposes.

8. Upon information and belief, the Bank is a corporation doing business in the State of New York and throughout the United States, with a principal place of business in Sioux Falls, South Dakota.

9. The Bank is a "creditor," as that term is defined by § 1602(f) of TILA and Federal Reserve Board Regulation Z ("Regulation Z"), 12 C.F.R. § 226.2(a)(17), because

at all relevant times, the Bank, in the ordinary course of its business, regularly – *i.e.*, more than 25 times a year – extended or offered to extend consumer credit for which a finance charge is or may be imposed, which is payable in more than 4 installments.

*Factual Allegations*

10. Rubinstein is the holder of a credit card account issued by the Bank in 2006.

11. Rubinstein received a billing statement in February of 2007 with a closing date of February 18, 2007, a photocopy of which is attached as Exhibit A.

12. Rubinstein received another billing statement in May of 2007 with a closing date of May 18, 2007, a photocopy of which is attached as Exhibit B.

13. All class members herein, as defined below, hold or held a credit card account originally or presently issued by the Bank.

*Class Allegations*

14. Rubinstein brings this action individually and on behalf of all persons similarly situated.

15. The proposed class consists of all persons who, according to the Bank's records, received periodic statements within one year before the filing of this action that showed the periodic rate applicable to their accounts but not the corresponding annual percentage rate ("APR").

16. Specifically excluded from this class are the Bank, any entity in which the Bank has a controlling interest, and the officers, directors, affiliates, legal representatives, heirs, successors, subsidiaries or assigns of any such individual or entity.

17. The members of the class for whose benefit this action is brought is so numerous that joinder of all Class members is not practicable. In light of the tens of thousands of credit cards issued by The Bank every year, the number of class members is believed to be in excess of 1,000 persons.

18. Rubinstein's claims are typical of, if not identical to, all members of the class and Rubinstein does not have any interest that is adverse or antagonistic to the interests of the class. If the conduct of the Bank violates TILA as applied to Rubinstein, then it violates TILA with respect to the entire class.

19. Rubinstein will fairly and adequately protect the interests of the class as she is committed to the vigorous prosecution of this action and, to that end, has retained competent counsel experienced in complex litigation of this nature.

20. The class is proper for certification under Rule 23(b)(2) of the Federal Rules of Civil Procedure. The Defendant's actions complained of herein are generally applicable to all Class members, thereby making final injunctive relief appropriate with respect to the class as a whole.

21. The class is also proper for certification under Federal Rule of Civil Procedure 23(b)(3). A class action is superior to other available methods for the fair and efficient adjudication of the claims asserted herein. Because damages suffered by individual class members may be relatively small, the expense and burden of individual litigation make it impracticable for the class to seek redress individually for the wrongs they have suffered. Members of the class do not have a particular interest in individually controlling the prosecution of separate actions.

22. There are questions of law and fact which are common to the members of the class and which predominate over questions affecting only individual members. Common questions of law and fact include, but are not limited to, whether the Bank has a standardized procedure by which it fails to clearly and conspicuously disclose the nominal APR for the billing period as required by TILA and Regulation Z.

23. Upon information and belief, the Class consists of thousands of customers.

24. Thus, a class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

   a. Common questions of law and/or fact predominate over any individual questions which may arise and, accordingly, there would accrue enormous savings to both the Court and the Class in litigating the common issues on a class-wide instead of a repetitive individual basis; and

   b. The aggregate volume of the individual class members' claims, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with repetitive individual litigation.

25. Class certification is also fair and efficient because prosecution of separate actions by individual Class members would create a risk of differing adjudications with respect to such individual members of the Class, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or substantially impede their ability to protect their interests. Moreover, since the actual monetary damages suffered by, or statutory damages available to, individual Class members may be relatively small, although significant in the aggregate, the expenses and burdens of individual litigation make it impossible or effectively impossible for the

members of the Class to seek individual redress for the TILA violations committed by Defendants.

26. Plaintiff anticipates that there will be no difficulty in the management of this litigation. The records of the individuals encompassed within the Class are in Defendant's possession.

## COUNT I

### Violations of the Truth in Lending Act

27. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as though fully set forth herein.

28. Congress authorized the Federal Reserve Board ("FRB") to promulgate regulations granting it broad authority to effectuate the purposes of TILA. 15 U.S.C. § 1604(a).

29. The set of regulations that the FRB has promulgated to implement TILA is known as Regulation Z. 12 C.F.R. §226.1 *et seq*.

30. TILA requires a creditor to send a periodic statement to a customer who has an outstanding balance at the end of the billing cycle. 15 U.S.C. § 1637(b).

31. TILA requires this statement to itemize finance charges, if any, according to how they were imposed. 15 U.S.C. § 1637(b)(4).

32. Regulation Z similarly requires this statement to disclose "[t]he components of the finance charge … to show the amount(s) due to the application of any periodic rates and the amount(s) of any other type of finance charge." 12 C.F.R. § 226.7(f).

33. TILA requires this statement to disclose "[w]here one or more periodic rates may be used to compute the finance charge, each such rate, the range of balances to which it is applicable, and … the corresponding nominal annual percentage rate." 15 U.S.C. § 1637(b)(5).

34. Regulation Z similarly requires creditors to disclose on the periodic statement "each periodic rate that may be used to compute the finance charge, the range of balances to which it is applicable, and the corresponding annual percentage rate." 12 C.F.R. § 226.7(d).

35. TILA requires this statement to disclose "the total finance charge expressed as an annual percentage rate." 15 U.S.C. § 1637(b)(6).

36. Regulation Z similarly requires the statement to disclose the "actual" or "effective" annual percentage rate for the billing period. 12 C.F.R. §§ 226.7(g), 226.14(c).

37. Regulation Z requires that the aforementioned disclosures be made "clearly and conspicuously." 12 C.F.R. § 226.5.

38. On or about December 19, 2006, Plaintiff opened a Bloomingdale's Insider credit account, issued by the Bank, and charged her Bloomingdale's purchase to that account.

39. On or about February 19, the Bank e-mailed Plaintiff a periodic statement covering the period from January 19, 2007 through February 18, 2007 (the "February 2007 Statement").

40. The February 2007 statement disclosed, inter alia, that for this billing period (a) the daily periodic rate was "0.05918%"; (b) the "ANNUAL PERCENTAGE RATE" was 38.88%; and (c) "FINANCE CHARGES" were "$1.00."

41. The statement failed to comply with TILA because, while it provided the effective annual percentage rate for the period, it did not also set forth the corresponding nominal APR of 21.6%, as required by Regulation Z and the statute.

42. The statement also failed to comply with TILA by not disclosing the nature of the finance charges, as required by Regulation Z and the statute.

43. The May 2007 statement failed to comply with TILA in the same manner as the February 2007 statement described above.

44. With respect to each of the Bank's violations of TILA, as alleged above, Plaintiff and the Class are entitled to recover up to $500,000 in statutory damages, together with costs and reasonable attorney fees.

**WHEREFORE**, Plaintiff Valerie Rubinstein prays on her behalf and on behalf of the Class that judgment be entered against Defendant as follows:

(1) An order certifying the proposed Class under Federal Rule of Civil Procedure 23(b)(2) and, additionally or in the alternative, an order certifying the Class under Federal Rule of Civil Procedure 23(b)(3);

(2) A declaration that the Bank's systematic and standard policy of furnishing certain periodic statements that insufficiently disclose the corresponding nominal APR and the finance charge associated with the store credit cards it issues violates the Truth in Lending Act;

(3)  An injunction permanently prohibiting the Bank from engaging in the conduct described;

(4)  Maximum statutory damages as provided under 15 U.S.C. § 1640(a)(2);

(5)  Attorney fees, litigation expenses, and costs; and

(6)  Such other and further relief as to this Court may seem just and proper.

### *Jury Demand*

Plaintiff respectfully requests a trial by jury.

Dated: New York, New York
       February 15, 2008

Respectfully Submitted,

By: _____
Brian L. Bromberg
One of Plaintiff's Attorneys

Attorneys for Plaintiff

Brian L. Bromberg
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY 10005
(212) 248-7906

Harley J. Schnall
Law Office of Harley J. Schnall
711 West End Avenue
New York, NY 10025
(212) 678-6546

9

# Exhibit A



| | |
|---|---|
| **BLOOMINGDALE'S INSIDER ACCOUNT STATEMENT**<br>For Jan 19, 2007 to Feb 18, 2007 | **VALERIE L RUBINSTEIN**<br>Account number: **\*\*-\*\*\*-\*\*\*-101**<br>**Questions?** (800) 950-0047 |

## Account Summary

| | REVOLVING |
|---|---:|
| Balance of last statement | $49.83 |
| Payments | $20.00 |
| New transactions this statement | ($7.13) |
| FINANCE CHARGES | $1.00 |
| 💲 New balance | $23.70 |
| Minimum payment due on Mar 15, 2007 | $5.00 |

## Financial Terms

| | |
|---|---:|
| DAILY PERIODIC RATE | 0.05918% |
| **ANNUAL PERCENTAGE RATE** | **38.88%** |
| AVERAGE DAILY BALANCE | $30.81 |
| BALANCE METHOD | AVG. DAILY BAL. |

Payments may be mailed to:
PO Box 183083
Columbus, OH 43218-3083

FOR YOUR INFORMATION, ENCLOSED PLEASE FIND OUR CURRENT
"PRIVACY POLICY"  (ONLINE CUSTOMERS, PLEASE REFERENCE
"PRIVACY POLICY" PAGE).

  2006 FINANCE CHARGE $.00

**CREDIT IS EXTENDED BY DEPARTMENT STORES NATIONAL BANK.**

https://br-detail.getbills.com/Statement?CFBGVoucher=QmcwMgApAERwlznNIkwaoFs...	5/11/2007



**BLOOMINGDALE'S INSIDER ACCOUNT STATEMENT**
For Apr 19, 2007 to May 18, 2007

**VALERIE L RUBINSTEIN**
Account number: \*\*-\*\*\*-\*\*\*-**101**
**Questions?** (800) 950-0047

## Account Summary

|  | **REVOLVING** |
|---|---|
| Balance of last statement | $21.91 |
| Payments | $5.00 |
| New transactions this statement | $0.00 |
| FINANCE CHARGES | $1.00 |
| 💲 New balance | $17.91 |
| Minimum payment due on Jun 12, 2007 | $5.00 |

## Financial Terms

| DAILY PERIODIC RATE | 0.06274% |
|---|---|
| **ANNUAL PERCENTAGE RATE** | **55.92%** |
| AVERAGE DAILY BALANCE | $21.44 |
| BALANCE METHOD | AVG. DAILY BAL. |

Payments may be mailed to:
PO Box 183083
Columbus, OH 43218-3083

REMINDER: YOUR MINIMUM PAYMENT DUE MUST BE RECEIVED BY THE PAYMENT DUE DATE TO AVOID BEING CHARGED A LATE PAYMENT FEE. PAYMENTS RECEIVED AFTER THE PAYMENT DUE DATE WILL APPEAR ON THE FOLLOWING MONTH'S STATEMENT.

**CREDIT IS EXTENDED BY DEPARTMENT STORES NATIONAL BANK.**