UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

---

VALERIE RUBINSTEIN,
individually and on behalf of
all others similarly situated,

              Plaintiff,

   - against -

DEPARTMENT STORES NATIONAL BANK,

             Defendant.

No. 1:08-CV-01596

ANSWER OF DEFENDANT DEPARTMENT STORES NATIONAL BANK TO CLASS ACTION COMPLAINT

---

Defendant Department Stores National Bank ("DSNB") hereby answers the Class Action Complaint filed on February 20, 2008 (the "Complaint") by plaintiff Valerie Rubinstein ("Plaintiff"), as follows:

1. Answering Paragraph 1 of the Complaint, DSNB admits that Plaintiff purports to assert claims against it on a class-action basis. Except as expressly admitted, DSNB denies each and every allegation set forth therein.

2. Answering Paragraph 2 of the Complaint, DSNB admits that Plaintiff purports to describe a portion of the Truth in Lending Act, 15 U.S.C. § 1601, et seq. ("TILA"), which speaks for itself. Except as expressly admitted, DSNB denies each and every allegation set forth therein.

3. Answering Paragraph 3 of the Complaint, DSNB admits that Plaintiff purports to seek recovery on the basis and in the amount alleged. Except as expressly admitted, DSNB denies each and every allegation set forth therein.

**JURISDICTION AND VENUE**

4. Answering Paragraph 4 of the Complaint, DSNB does not contest this Court's subject matter jurisdiction, and otherwise denies each and every allegation set forth therein.

5.      Answering Paragraph 5 of the Complaint, DSNB does not contest that venue is proper, and otherwise denies each and every allegation set forth therein.

## PARTIES

6.      Answering Paragraph 6 of the Complaint, DSNB is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation set forth therein.

7.      Answering Paragraph 7 of the Complaint, DSNB admits that Plaintiff purports to bring the complaint as a "consumer," as that term is defined by § 1602(h) of TILA. Except as expressly admitted, DSNB denies each and every allegation set forth therein.

8.      Answering Paragraph 8 of the Complaint, DSNB admits that it is a national banking association with its sole place of business in Sioux Falls, South Dakota. Except as expressly admitted, DSNB denies each and every allegation set forth therein.

9.      Answering Paragraph 9 of the Complaint, DSNB admits that it is a "creditor," as defined by TILA and Regulation Z, 12 C.F.R. § 226.1, et seq. Except as expressly admitted, DSNB denies each and every allegation set forth therein.

## FACTUAL ALLEGATIONS

10.     Answering Paragraph 10 of the Complaint, DSNB admits the allegations set forth therein.

11.     Answering Paragraph 11 of the Complaint, DSNB admits that Plaintiff attaches to the Complaint as Exhibit A a copy of a portion of a periodic statement with a closing date of February 18, 2007, that was made available to Plaintiff on an Internet website, and that Plaintiff has not attached a copy of the periodic statement for the same time period that was mailed to her by DSNB. Except as expressly admitted, DSNB denies each and every allegation set forth therein.

12.     Answering Paragraph 12 of the Complaint, DSNB admits that Plaintiff attaches to the Complaint as Exhibit B a copy of a portion of a periodic statement with a closing date of

May 18, 2007, that was made available to Plaintiff on an Internet website. Except as expressly admitted, DSNB denies each and every allegation set forth therein.

13. Answering Paragraph 13 of the Complaint, DSNB is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation set forth therein.

## CLASS ALLEGATIONS

14. Answering Paragraph 14 of the Complaint, DSNB admits that Plaintiff purports to assert claims against it on an individual and class-action basis. Except as expressly admitted, DSNB denies each and every other allegation set forth therein.

15. Answering Paragraph 15 of the Complaint, DSNB admits that Plaintiff purports to assert claims against it on a class-action basis. Except as expressly admitted, DSNB denies each and every other allegation set forth therein.

16. Answering Paragraph 16 of the Complaint, DSNB admits that Plaintiff purports to assert claims against it on a class-action basis, but to exclude the persons and entities set forth in Paragraph 16. Except as expressly admitted, DSNB denies each and every other allegation set forth therein.

17. Answering Paragraph 17 of the Complaint, DSNB is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation set forth therein.

18. Answering Paragraph 18 of the Complaint, DSNB is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation set forth therein.

19. Answering Paragraph 19 of the Complaint, DSNB is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation set forth therein.

20. Answering Paragraph 20 of the Complaint, DSNB denies each and every allegation set forth therein.

21. Answering Paragraph 21 of the Complaint, DSNB denies each and every allegation set forth therein.

22. Answering Paragraph 22 of the Complaint, DSNB denies each and every allegation set forth therein.

23. Answering Paragraph 23 of the Complaint, DSNB is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation set forth therein.

24. Answering Paragraph 24 of the Complaint, DSNB denies each and every allegation set forth therein.

25. Answering Paragraph 25 of the Complaint, DSNB denies each and every allegation set forth therein.

26. Answering Paragraph 26 of the Complaint, DSNB is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation set forth therein.

## COUNT I

### Violations of the Truth in Lending Act

27. Answering Paragraph 27 of the Complaint, DSNB repeats and restates its responses to each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

28. Answering Paragraph 28 of the Complaint, DSNB admits that Plaintiff purports to describe portions of the TILA, which speaks for itself. Except as expressly admitted, DSNB denies each and every allegation set forth therein.

29. Answering Paragraph 29 of the Complaint, DSNB admits that Plaintiff purports to describe Regulation Z, which speaks for itself. Except as expressly admitted, DSNB denies each and every allegation set forth therein.

30.	Answering Paragraph 30 of the Complaint, DSNB admits that Plaintiff purports to describe portions of the TILA, which speaks for itself.  Except as expressly admitted, DSNB denies each and every allegation set forth therein.

31.	Answering Paragraph 31 of the Complaint, DSNB admits that Plaintiff purports to describe portions of the TILA, which speaks for itself.  Except as expressly admitted, DSNB denies each and every allegation set forth therein.

32.	Answering Paragraph 32 of the Complaint, DSNB admits that Plaintiff purports to describe portions of Regulation Z, which speaks for itself.  Except as expressly admitted, DSNB denies each and every allegation set forth therein.

33.	Answering Paragraph 33 of the Complaint, DSNB admits that Plaintiff purports to describe portions of the TILA, which speaks for itself.  Except as expressly admitted, DSNB denies each and every allegation set forth therein.

34.	Answering Paragraph 32 of the Complaint, DSNB admits that Plaintiff purports to describe portions of Regulation Z, which speaks for itself.  Except as expressly admitted, DSNB denies each and every allegation set forth therein.

35.	Answering Paragraph 35 of the Complaint, DSNB admits that Plaintiff purports to describe portions of the TILA, which speaks for itself.  Except as expressly admitted, DSNB denies each and every allegation set forth therein.

36.	Answering Paragraph 36 of the Complaint, DSNB admits that Plaintiff purports to describe portions of Regulation Z, which speaks for itself.  Except as expressly admitted, DSNB denies each and every allegation set forth therein.

37.	Answering Paragraph 37 of the Complaint, DSNB admits that Plaintiff purports to describe portions of Regulation Z, which speaks for itself.  Except as expressly admitted, DSNB denies each and every allegation set forth therein.

38.	Answering Paragraph 38 of the Complaint, DSNB admits that Plaintiff opened an account issued by DSNB on December 19, 2006.  Except as expressly admitted, DSNB is

without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis denies such allegations.

39. Answering Paragraph 39 of the Complaint, DSNB admits that it provided periodic statements to Plaintiff in connection with her account by making certain statements available to Plaintiff on an Internet website and by mailing certain statements in hard copy format to Plaintiff. Except as expressly admitted, DSNB denies each and every allegation set forth therein.

40. Answering Paragraph 40 of the Complaint, DSNB admits that Exhibit A to the Complaint purports to be a portion of the February 2007 statement that was made available to Plaintiff on an Internet website and that speaks for itself. Except as expressly admitted, DSNB denies each and every allegation set forth therein.

41. Answering Paragraph 41 of the Complaint, DSNB states that the allegations constitute conclusions of law as to which no response is necessary. To the extent a response is necessary, DSNB denies each and every allegation set forth therein.

42. Answering Paragraph 42 of the Complaint, DSNB states that the allegations constitute conclusions of law as to which no response is necessary. To the extent a response is necessary, DSNB denies each and every allegation set forth therein.

43. Answering Paragraph 43 of the Complaint, DSNB states that the allegations constitute conclusions of law as to which no response is necessary. To the extent a response is necessary, DSNB denies each and every allegation set forth therein.

44. Answering Paragraph 44 of the Complaint, DSNB denies each and every allegation set forth therein.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiff, DSNB asserts the following further and affirmative defenses:

### FIRST DEFENSE
### (Failure To State A Claim)

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

### (Statute Of Limitations)

The applicable statute of limitations, including, without limitation, 15 U.S.C. § 1640(e), bars Plaintiff's claims in whole or in part.

## THIRD DEFENSE

### (Bona Fide Error)

The Complaint is barred pursuant to 15 U.S.C. § 1640(c) because the violations of TILA, if any, resulted from a bona fide error.

## FOURTH DEFENSE

### (Good Faith)

DSNB at all times acted in good faith and in accordance with reasonable commercial standards, including, without limitation, 15 U.S.C. §§ 1640(c) & (f), thus precluding any recovery against DSNB.

## FIFTH DEFENSE

### (Ratification)

The Complaint and each of its purported causes of action are barred by the conduct, actions and inactions of Plaintiff under the doctrine of ratification.

## SIXTH DEFENSE

### (Set Off)

DSNB is entitled to recoupment to the extent of any amounts owed by Plaintiff or members of the putative class at the time of any judgment entered in this matter.

## SEVENTH DEFENSE

### (Waiver)

The Complaint and each of its purported causes of action are barred by the conduct, actions and inactions of Plaintiff which amount to and constitute a waiver of any right or rights that Plaintiff may or might have in relation to the matters alleged in the Complaint.

LA 51050021v1

## EIGHTH DEFENSE

### (Reservation of Rights)

DSNB expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

WHEREFORE, DSNB requests the following relief:

(1) That Plaintiff's Complaint be dismissed with prejudice;

(2) That judgment be entered in DSNB's favor;

(3) That the Court award DSNB its fees, expenses, and costs to the full extent permitted by law; and

(4) That the Court award such other relief as it just and proper under the circumstances.

Respectfully submitted,

Dated: May 1, 2008           By:  _____/S/_____
                                  Keith A. Custis (admitted *pro hac vice*)

                                  Attorneys for Defendant
                                  DEPARTMENT STORES NATIONAL BANK

Of Counsel
STROOCK & STROOCK & LAVAN LLP
Lisa M. Simonetti (admitted pro hac vice)